UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID MURRAY,

    Plaintiff,

v.                                      CASE No. 8:09-CV-1477-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of his claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision will be affirmed.

I.

The plaintiff, who was forty-seven years old at the time of the administrative hearing and who has a high school education, has worked as a cabinet maker, exhibit maker, laborer, and sign painter (Tr. 119). He filed

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 15).

a claim for Social Security disability benefits, alleging that he became disabled due to mental problems, scoliosis, and a tumor in the left sinus (Tr. 464).[2] The claim was denied initially and upon reconsideration.

The plaintiff, at his request, then received a <u>de</u> <u>novo</u> hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "degenerative disc disease of the cervical spine, scoliosis, status-post arthroscopy of right knee, cirrhosis, headaches, asthma, tumor in left sinus, and depression and anxiety" (Tr. 13). He concluded that these impairments restricted the plaintiff to light work as follows (Tr. 15):

> He can lift and carry ten pounds frequently and 20 pounds occasionally. He can stand/walk for two hours in an eight-hour workday; and, sit for six hours in an eight-hour workday. The claimant also requires a sit/stand option exercisable at will. In addition, the claimant is limited to only simple, one to four step work, with only occasional contact with co-workers and supervisors.

The law judge determined that these restrictions prevented the plaintiff from performing past work (Tr. 21). However, based upon the testimony of a

---

[2]The record also contains an application for supplemental security income (Tr. 74). However, the plaintiff, the Commissioner, and the law judge only refer to a claim for disability benefits. Accordingly, that claim will be the only application to be considered at issue.

vocational expert, the law judge found that there are jobs that exist in significant numbers in the national economy that the plaintiff can perform, such as small products assembler, produce inspector, and line inspector (Tr. 22-23). Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 23). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C.

405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence,

but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The law judge concluded that the plaintiff had a number of severe physical impairments (Tr. 13). Nevertheless, the law judge determined further that, despite these physical impairments, the plaintiff had the physical residual functional capacity to perform a range of light work (Tr. 15). Significantly, the plaintiff does not challenge the law judge's findings regarding the plaintiff's physical capabilities.

Rather, the plaintiff raises a contention related to the plaintiff's mental impairments. Thus, the plaintiff contends: "THE ALJ ERRD [sic] BY FAILING TO FIND THAT THE CLAIMANT HAD MODERATE LIMITATIONS IN SEVERAL SPECIFIC AREAS OF MENTAL FUNCTIONING AND THEREFORE HE RELIED ON A RESPONSE FROM A VE TO AN INCOMPLETE HYPOTHETICAL" (Doc. 22, p. 6).

Plaintiff's counsel has raised this same argument previously, and in <u>Risco</u> v. <u>Astrue</u>, Case No. 8:09-CV-1430-T-TGW (Doc. 23), 2010 WL 2195455 (M.D. Fla.), that contention was recently rejected. For substantially the same reasons, the current contention is unpersuasive.

The law judge found that the plaintiff had severe impairments of depression and anxiety (Tr. 13). He concluded that these impairments imposed a mild restriction on activities of daily living, moderate difficulties in social functioning, and moderate difficulties in concentration, persistence, or pace (Tr. 14). In light of these findings, the law judge determined that the plaintiff had the mental residual functional capacity to perform "only simple, one to four step work, with only occasional contact with co-workers and supervisors" (Tr. 15). The plaintiff does not raise any challenge to these findings.

The plaintiff's challenge is based upon marks placed on two Mental Residual Functional Capacity Assessment forms that were filled out by nonexamining reviewing psychologists Michael G. Dow, Ph.D., and Timothy Foster, Ph.D., in July and September of 2006 (<u>see</u> Tr. 284-86, 372-

74). On the forms, the psychologists marked that the plaintiff had certain moderate mental limitations.

Under the heading of "Sustained Concentration and Persistence," item number 7 on the form concerned "[t]he ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances," and Dr. Foster marked "Moderately Limited" (Tr. 372). Both psychologists similarly marked "Moderately Limited" to item number 6 regarding "[t]he ability to maintain attention and concentration for extended periods" and item number 11 on the form which asked about "[t]he ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods" (Tr. 284-85, 372-73). Three additional items were also marked as "Moderately Limited." Under the "Social Interaction" section, Dr. Dow marked this response to item number 14 regarding "[t]he ability to accept instructions and respond appropriately to criticism from supervisors" (Tr. 285), and Dr. Foster marked this answer to item number 12 addressing "[t]he ability to interact appropriately with the general public" (Tr. 373). In addition, under the

"Adaptation" section, Dr. Foster marked as "Moderately Limited" item number 17 concerning "[t]he ability to respond appropriately to changes in the work setting" (Tr. 373). All other items in the twenty-item listing were marked as "Not Significantly Limited."

The law judge did not mention in his decision any of the items that indicated that the plaintiff was moderately limited in these mental categories. The plaintiff argues that the law judge's failure to address those items is reversible error (Doc. 22, p. 7). In particular, the plaintiff seems to focus on the categories of completing a normal workday and workweek, and performing at a consistent pace (id., p. 8).

The law judge, as indicated, found that the plaintiff had severe mental impairments of depression and anxiety. Further, he concluded that, as a result of those impairments, the plaintiff had moderate limitations in social functioning and in concentration, persistence, or pace (Tr. 14). As a consequence of these conclusions, the law judge decided that the plaintiff was restricted to "only simple, one to four step work" (in order to accommodate the moderate limitation in concentration, persistence, or pace) and to "only occasional contact with co-workers and supervisors" (in order to

accommodate the moderate limitation in social functioning) (Tr. 15). The evidence in the record does not support any greater mental functional restrictions, and it certainly does not compel them.

The evidence of the Mental Residual Functional Capacity Assessment forms has no significant weight. To begin with, the forms were filled out by nonexamining reviewing psychologists. Because such reviewers have not examined the claimant, the Eleventh Circuit has indicated that their opinions are entitled to lesser weight. Sharfarz v. Bowen, 825 F.2d 278 (11th Cir. 1987); Broughton v. Heckler, 776 F.2d 960 (11th Cir. 1985).

Moreover, in this case, the forms were filled out more than two years before the law judge rendered his decision. Consequently, when the reviewers provided their opinions, they were not aware of all of the evidence. In particular, the reviewers did not have before them the psychological report prepared by Dr. Jeremy Zehr, who examined the plaintiff in November 2008. Dr. Zehr performed testing and, as the law judge noted (Tr. 20), indicated that the plaintiff "did appear to be exaggerating the severity of his psychological symptoms and distress." The law judge said he gave considerable weight to

Dr. Zehr's opinion (id.). Thus, there was important psychological evidence developed after the reviewing psychologists rendered their opinions.

Furthermore, their opinions were conclusory in nature. As the Commissioner points out, the items in Section I of the form, which is entitled "Summary Conclusions," merely constitute a worksheet to aid in determining mental functional limitations (Doc. 23, pp. 7-8). The form specifies that "[d]etailed explanation of the degree of limitation ... is to be recorded in Section III" (Tr. 284). Comparable instructions are provided at the beginning of Section III (Tr. 286). The reviewers in this case, however, did no more in Section III than copy the items in Section I in sentence form (id., Tr. 374). Neither gave a detailed explanation for any of his summary conclusions. Consequently, even if the nonexamining reviewers had been treating physicians, the law judge could properly discount their conclusory opinions. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

Moreover, the reviewers' failure to provide a detailed explanation does not permit the opinion of "moderate" limitations to be translated into a mental functional restriction. As the law judge noted at the supplemental hearing (Tr. 624), a "moderate" limitation cannot be included

in a hypothetical question. That term is too subjective and must be converted into an objective restriction. For example, an opinion that a claimant has moderate limitations in concentration, persistence, or pace does not mean that the impairments are severe enough to constitute a functional limitation. Gantea v. Commissioner of Social Security, 2010 WL 2179517 (11th Cir. 2010)(unpub. dec.). Accordingly, plaintiff's counsel proposed a hypothetical question that included an inability to perform simple work one-fourth of the time due to attention problems (Tr. 624). While this limitation is sufficiently definite to be included in a hypothetical question, the problem here is that there is no evidence in the record to support such a limitation. Therefore, due to the reviewers' failure to provide a detailed explanation for the opinions of moderate limitations, those opinions could not properly be translated into functional restrictions to be included in a hypothetical question.

In sum, the conclusory opinions by nonexamining psychologists who did not have all the pertinent information available to them did not constitute significant probative evidence. Consequently, they are covered by the principle that the law judge is not required in his decision to refer to every piece of evidence. Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).

Other circumstances confirm that the law judge's failure to address specifically the opinions of the nonexamining reviewers did not constitute error at all, much less reversible error. In the first place, the law judge's assessments of the degree of functional limitation in the areas of activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation, are exactly the same as those opined by the reviewing psychologists (compare Tr. 14 with Tr. 280, 368). Thus, from all that appears, the law judge agreed with the reviewing psychologists, and there was no need to explain any difference of opinion.

Moreover, there was no evidence that the plaintiff had any mental functional limitations greater than those reflected in the law judge's determination of the plaintiff's residual functional capacity. Thus, the law judge in his discussion of the plaintiff's mental impairments specifically pointed out that "the record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or even has limitations greater than those determined in this decision" (Tr. 20-21). Further, the plaintiff, who was accompanied by his lawyer, did not testify to any functional limitations due to his mental impairments. In particular, the

plaintiff did not state that his mental impairments limited his ability to complete a normal workday or workweek, or to maintain attention and concentration for an extended period. Especially in the absence of any such testimony by the plaintiff, the law judge did not err because he did not expressly address such problems.

In connection with the plaintiff's contention, he asserts that the hypothetical question to the vocational expert is flawed because it does not contain mental limitations reflected in the reviewing psychologist's forms (Doc. 22, p. 8). This assertion lacks merit.

.          "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). On the other hand, the law judge is not required to include in the hypothetical question allegations that have been properly rejected. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004).

Here, the law judge's residual functional capacity finding matched his hypothetical question to the vocational expert (compare Tr. 15

with Tr. 621). Therefore, the hypothetical question was not deficient. As previously explained, the evidence did not support any mental functional limitations that were omitted from the question. And, as indicated, the plaintiff is not raising any argument regarding his physical capabilities.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 25th day of August, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE